**KAZEROUNI LAW GROUP, APC**
Ryan L. McBride, Esq. (SBN: 297557)
ryan@kazlg.com
Nadir O. Ahmed (SBN: 290810)
2221 Camino Del Rio S., #101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**MADAR LAW CORPORATION**
Alex S. Madar, Esq. (319745)
alex@madarlaw.net
11510 Eaglesview Ct.
San Diego, CA 92127
Telephone: (858) 299-5879
Facsimile: (619) 354-7281

*Attorneys for Plaintiff,*
Michael Cribier

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CRIBIER, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br><br>   vs.<br><br>CARVANA LLC,<br><br>                  Defendant. | Case No.: **'24CV0094 DMS JLB**<br><br>**CLASS ACTION COMPLAINT**<br><br>**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C §§ 227, *ET SEQ.***<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.    Plaintiff MICHAEL CRIBIER ("Plaintiff"), individually and on behalf of the proposed Class defined below, brings this class action lawsuit for damages resulting from the unlawful actions of CARVANA LLC ("Carvana" or "Defendant"). Defendant negligently, knowingly, and/or willfully placed unsolicited text messages to Plaintiff and the putative class on their respective cellular phone numbers which are registered with the National Do-Not Call Registry and/or were on Defendants' internal do-not-call records, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), and related regulations, including but not limited to 47 C.F.R. § 64.1200(c) and/or 47 C.F.R. § 64.1200(d).   Plaintiff seeks relief for all persons injured by Defendant's unlawful conduct in the form of statutory damages and injunctive relief.

2.    Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences and, as to all other matters, upon information and belief including investigation conducted by Plaintiff's attorneys.

3.    This case is brought to enforce the consumer privacy provisions afforded by the TCPA, a federal law that was designed to curtail abusive telemarketing practices precisely like those described herein.

4.    Defendant sent unsolicited text messages Plaintiff's cellular telephone on multiple occasions, which was registered with the National Do-Not Call Registry.

5.    Defendant has violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c) by bombarding consumers' mobile phones registered with the National Do-Not Call Registry with non-emergency advertising and marketing text messages without prior express written consent.

6.    The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

7.    In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring (a) Defendant to cease all unsolicited voice phone calls and text

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

messages to numbers on the National Do-Not Call Registry and (b) Defendant to implement internal do-not call list procedures as required by 47 C.F.R. § 64.1200(d), as well as an award of statutory damages to the members of the Class (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## JURISDICTION AND VENUE

8.    This Court has federal question subject matter jurisdiction over this class action lawsuit pursuant to 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA.

9.    The Court has personal jurisdiction over Defendant because Defendant conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

10.    Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of San Diego, State of California as not only does Defendant regularly conduct business throughout the State of California, but Plaintiff resides within the State of California, County of San Diego.

## PARTIES

11.    Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, County of San Diego. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

12.    Defendant is a limited liability company formed under the laws of Arizona with its principal place of business in Tempe, Arizona. Defendant is, and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153(39).

13.    Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Diego, and within this judicial district.

14.    Whenever in this Complaint it is alleged that Defendant committed any

act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## TCPA BACKGROUND

15.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

16.    The TCPA was designed to prevent calls and messages like the one described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

17.    Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment, as well as violations of the TCPA's National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).[1]  The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.  It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems–principally with provisions requiring identification and contact information of the entity using

---

[1]    According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list, accessed on June 3, 2021: Placing telemarketing calls to wireless phones is - and always has been - illegal in most cases.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

the device to be contained in the message.

18.    In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."   TCPA, Pub.L. No. 102-243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also, Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at \*4 (N.D. Ill. Aug. 10, 2012) (citing Congressional finding on TCPA's purpose).

19.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call […]." *Id*. At §§ 12-13; *see also, Mims*, 132 S. Ct. at 744.

20.    As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions.  A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call.  An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

KAZEROUNI LAW GROUP, APC

1  *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

2      21.    Text messages are calls and are subject to the TCPA. *See, e.g.*,

3  *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 666 (2016); *Satterfield v. Simon &*

4  *Schuster, Inc.,* 569 F.3d 946, 954 (9th Cir. 2009).

5      22.    47 C.F.R. § 64.1200(a)(2) additionally states, with respect to

6  advertisement and telemarketing calls—of which Defendant's texts to Plaintiff are—

7  that "[n]o person or entity may . . . [i]nitiate or cause to be initiated, any telephone

8  call that includes or introduces an advertisement or constitutes telemarketing, using

9  an automatic telephone dialing system or an artificial or prerecorded voice, to any of

10  the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this

11  section, other than a call made with the prior express written consent of the called

12  party …"

13      23.    47 C.F.R. § 64.1200(f)(8) defines "prior express written consent" as "an

14  agreement, in writing, bearing the signature of the person called that clearly

15  authorizes the seller to deliver or cause to be delivered to the person called

16  advertisements or telemarketing messages using an automatic telephone dialing

17  system or an artificial or prerecorded voice, and the telephone number to which the

18  signatory authorizes such advertisements or telemarketing messages to be delivered."

19      24.    As of October 16, 2013, unless the recipient has given *prior express*

20  *written consent,*[2] the TCPA and Federal Communications Commission ("FCC") rules

21  under the TCPA generally:

22          •    Prohibit solicitors from calling residences before 8 a.m. or after 9

23                 p.m., local time.

24  _____

25  [2] Prior express written consent means "an agreement, in writing, bearing the signature
26  of the person called that clearly authorizes the seller to deliver or cause to be
   delivered to the person called advertisements or telemarketing messages using an
27  automatic telephone dialing system or an artificial or prerecorded voice, and the
28  telephone number to which the signatory authorizes such advertisements or
   telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do-Not Call Registry.

25.    Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules."    *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

26.    Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.    Under those

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  circumstances, the entity is deemed to have initiated the call through the person or
2  entity.

3      27.   With respect to misdialed or wrong-number calls, the FCC recently
4  clarified that "callers who make calls without knowledge of reassignment and with a
5  reasonable basis to believe that they have valid consent to make the call should be
6  able to initiate one call after reassignment as an additional opportunity to gain actual
7  or constructive knowledge of the reassignment and cease future calls to the new
8  subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer*
9  *Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015). "If this
10  one additional call does not yield actual knowledge of reassignment, we deem the
11  caller to have constructive knowledge of such." *Id.* Thus, any second call placed to a
12  wrong number violates the TCPA.

13      28.   The TCPA provides for damages in the amount of $500 for each
14  negligent violation and $1,500 for each knowing violation. *See* 47 U.S.C. § 227(b)(3).

15  <u>**FACTUAL ALLEGATIONS**</u>

16      29.   Defendant buys and sells vehicles to and from consumers throughout the
17  country, including within this District.

18      30.   In Defendant's overzealous attempt to market its services, however,
19  Defendant willfully or knowingly sent (and continues to send) (a) unsolicited and
20  automated telemarketing text messages and calls to persons who have registered their
21  cellular telephone number on the National Do-Not Call Registry, and (b) unsolicited
22  and automated text messages and calls to persons who have previously and
23  specifically requested not to be called by Defendant.

24      31.   Through this conduct, Defendant has invaded the privacy of Plaintiff and
25  the members of the Class.

26      32.   At all times relevant, Plaintiff was a citizen of the State of California.
27  Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47
28  U.S.C. § 153(39).

33. Defendant is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153(39).

34. At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

35. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number of ending in "2907" ("Cell Phone").

36. Plaintiff is the sole user and/or subscriber of his Cell Phone and is financially responsible for phone service to his Cell Phone.

37. Plaintiff's Cell Phone is assigned to him as his personal cellular telephone.

38. Plaintiff's Cell Phone was added to the National Do-Not-Call Registry on or about December 14, 2004.

39. Defendant has sent multiple text messages to Plaintiff on his cellular telephone,[3] between approximately October 22, 2021, and October 7, 2022, from Defendant's short-code telephone number "88132".

40. On or about October 22, 2021, at approximately 11:03 a.m., Defendant sent two (2) automated text messages to Plaintiff's Cell from the short code telephone number 88132, which said:

> "Hi Ian, I'm Sebastian, your Carvana virtual advisor. You can learn more about how to move forward with your offer for your 2016 BMW 2 Series here: https://s/cvna.info/20baD8vHXd"

---

[3] According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list, accessed on June 3, 2021: Placing telemarketing calls to wireless phones is - and always has been - illegal in most cases.

KAZEROUNI
LAW GROUP, APC

"The next step is for you to verify ownership by uploading a few documents using the link above.  Are you looking to also buy or just sell?"

41.    On the same day, October 22, 2021, Plaintiff requested that Defendant stop sending Plaintiff text messages by replying with "Stop".

42.    On October 7, 2022, Defendant once more sent three additional text messages to Plaintiff's Cell from the short code telephone number 88132, which said:

"Congrats on your 2016 FIAT 500e trade-in offer, Ian! I can help you search through our 40K+ rides or check them out here:  https://www.carvana.com/cars"

"Plus, every new vehicle comes with our 7-Day Money Back Guarantee.  Ask me for help, or learn more here: https://www.carvana.com/selling-or-trades-how-it-works"

"I promise not to spam, but you can say STOP to end msgs."

43.    Once more, on the same day, October 7, 2022, Plaintiff requested that Defendant stop sending him text messages by replying with "I am not Ian", as well as "Fuck off".

44.    Defendant again ignored Plaintiff's previous requests to stop sending him text messages and on the same day sent an additional three (3) automated text message to Plaintiff's Cell from short code telephone number 88132, which said:

"Whoops, sorry about that!  If you believe this message

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

wasn't intended for you, please reply STOP to confirm you'd like to end messages from Carvana."

"Otherwise, there's probably an issue to resolve on our end. So sorry about that again, but we appreciate you letting us know so we can look into this."

"I promise not to spam, but you can say STOP to end msgs."

45.    Plaintiff once more, for a third time, replied back to Defendant's text message with "Stop."

46.    Despite Plaintiff's repeated requests to stop messaging him, Defendant once again ignored these requests and on the same day sent an additional two (2) automated text message to Plaintiff's Cell, from short code telephone number 88132, which said:

"Hi Ian, it's Sebastian from Carvana again.   We received your order for the BMW i3 set to be delivered on 10/15!"

"A Carvana Advocate will start reviewing your order soon. In the meantime, you can log in to the website for updates or text me with any questions!  https://cvna.co/opd."

47.    Defendant continuously and willingly ignored Plaintiff's requests for Defendant to stop sending him text messages.

48.    Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

49.   Plaintiff received at least two telephone solicitations from Defendant within a 12-month period.

50.   Plaintiff did not provide Defendant with his cellular telephone number at any point in time, nor did he give permission for Defendant to message it.

51.   Plaintiff did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

52.   Plaintiff did not have a personal relationship with Defendant at any point in time.

53.   Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to message Plaintiff's cellular telephone for marketing or solicitation purposes.

54.   Defendant sent at minimum three unsolicited text messages to Plaintiff to his Cell Phone which was registered with the National Do-Not Call Registry, for at least 31 days prior to these unsolicited text messages, in violation of the TCPA, including 47 C.F.R. § 64.1200(c).

55.   Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including the Do-Not Call provision in 47 C.F.R. § 64.1200(c).

56.   Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including the internal Do-Not Call provision in 47 C.F.R. § 64.1200(d).

57.   Defendant did not place the text messages for an emergency purpose as defined by 47 U.S.C. § 227(b)(1)(A)(i).

58.   Upon information and belief, Defendant did not make the telephone solicitations in error, as Defendant was told multiple times to stop contacting Plaintiff but Defendant persisted in sending text messages to Plaintiff.

# ARTICLE III STANDING

59.     Defendant sent multiple text message to Plaintiff's personal cellular telephone which was registered on the National Do-Not-Call Registry. Such unwanted text messages from Defendant are a nuisance, an invasion of privacy, and wasted Plaintiff's time and enjoyment in use of his personal cellular telephone. All three of these injuries are concrete and *de facto*.

60.     Furthermore, Plaintiff was distracted, inconvenienced, and annoyed by having to take time opening and read each text message and respond multiple times for Defendant to "stop" texting Plaintiff.

61.     All of these injuries are particularized and specific to Plaintiff, and will be the same or substantially similar injuries suffered by each member of the putative class.

62.     The above text messages were directly and explicitly linked to Defendant. Defendant's text messages identified the Defendant as "Carvana," the party that attempted to solicit business from Plaintiff. These text messages are the sole source of Plaintiff's and the Class's injuries. Therefore, Plaintiff has illustrated facts that show that his injuries are traceable to the conduct of Defendant.

63.     Plaintiff's Request for Relief includes a request for damages for each text message made by Defendant and telephone calls to cellular numbers on the National Do-Not Call Registry, as authorized by statute in 47 U.S.C. § 227, *et seq*. The statutory damages were set by Congress and specifically redress the damages suffered by Plaintiff and the members of the putative class.

# CLASS ACTION ALLEGATIONS

64.     Plaintiff brings this action pursuant to Rule 23(b)(2) and/or Rule 23(b)(3) of the Federal Rules of Civil Procedure, individually and on behalf of the following classes, of which Plaintiff is a member, which are defined is follows:

**National Do-Not Call Class**:

1
2
3
4
5

All persons within the United States (1) registered on the National Do-Not-Call Registry for at least 30 days, (2) who received more than one call or text message (3) made or sent by or on behalf of Defendant, (4) for the purpose of promoting Defendant's goods or services, (5) within any twelve-month period, (6) within the four years prior to the filing of the Complaint.

6
7
8
9
10
11
12
13

**Internal Do-Not Call Class**:
All persons within the United States (1) on Defendant's internal do-not-call list/s for at least 30 days, or who requested that Defendant cease contacting said person/s at least 30 days prior, (2) who received more than one telephone call or text message (3) made or sent by or on behalf of Defendant, (4) for the purpose of promoting Defendant's goods or services, (5) within any twelve-month period, (6) within the four years prior to the filing of the Complaint.

14
15
16

65.    Excluded from the Classes are Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

17
18

66.    Plaintiff reserves the right to redefine the classes and to add subclasses as appropriate based on discovery and specific theories of liability.

19
20
21
22
23
24
25

67.    Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of said Plaintiff and the Class members whose cellular telephone numbers were on the National Do-Not-Call Registry.  Plaintiff and the Class members were damaged thereby.

26
27

68.    <u>Numerosity</u>: Upon information and belief, the members of the classes are so numerous that joinder of all of them is impracticable.

28

69.    The exact number of the members of the classes is unknown to Plaintiff

at this time, and can (and will) be determined through appropriate discovery. However, given that, on information and belief, Defendant texted thousands of class members nationwide during the class period, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of the claims in a class action will provide substantial benefits to the parties and the Court.

70.    <u>Ascertainability</u>: The members of the classes are ascertainable because the classes are defined by reference to objective criteria.

71.    In addition, the members of the classes are identifiable in that, upon information and belief, their cellular telephone numbers, names and addresses can be identified in business records maintained by Defendant and by third parties.

72.    <u>Typicality</u>: As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Classes.  Plaintiff will fairly and adequately represent and protect the interests of the Classes in that Plaintiff has no interests antagonistic to any member of either Class.

73.    Plaintiff's claims are typical of the claims of the members of the classes. Plaintiff has had to suffer the burden of receiving unwanted text messages to his cellular telephone, despite his phone number having been registered on the National Do-Not Call Registry, and despite his requests that Defendant cease doing so. Thus, his injuries are typical to Class Members.

74.    Plaintiff's claims, and the claims of the members of the classes, originate from the same conduct, practice and procedure on the part of Defendant.

75.    Plaintiff's claims are based on the same theories, as are the claims of the members of the classes.

76.    <u>Adequacy</u>: Plaintiff is qualified to, and will fairly and adequately protect

the interests of the members of the classes with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member.

77.    Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the classes.

78.    Plaintiff will vigorously pursue the claims of the members of the classes.

79.    Plaintiff has retained counsel experienced and competent in class action litigation. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling clams involving consumer actions and violations of the TCPA.

80.    Plaintiff's counsel will vigorously pursue this matter.

81.    Plaintiff's counsel will assert, protect and otherwise represent the members of the classes.

82.    Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

83.    <u>Predominance</u>: The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class. The elements of the legal claims brought by Plaintiff and Class Members are capable of proof at trial through evidence that is common to the Class rather than individual to its members.

84.    <u>Commonality</u>: There are common questions of law and fact as to all members of the Class, including but not limited to the following:

      a. What is Defendant's conduct, pattern, and practice as it pertains to delivering advertisement and telemarketing text messages;

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

b.  Whether, within the four years prior to the filing of this Complaint, Defendant or its agents sent more than one text message to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and who had neither an established business relationship nor personal relationship with Defendant;

c.  Whether Defendant obtained prior express written consent to send the text messages to Plaintiff or the Class members' telephones;

d.  Whether Defendant had adequate policies and procedures in place to honor requests for text messages to stop in response to instructions from consumers using their cellular telephones;

e.  Whether Defendant's conduct violated the TCPA, and availability of statutory penalties;

f.  Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

g.  Whether Defendant should be enjoined from engaging in such conduct in the future.

85.  <u>Superiority</u>: A class action is superior to all other available methods for the fair and efficient adjudication of this matter because:

• If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

• The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

• The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

• These varying adjudications and incompatible standards of conduct, in

connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

- The damages suffered by each individual member of the class may be relatively modest, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

- Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

- The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

- There will be little difficulty in the management of this action as a class action.

86.    Defendant has acted or refused to act on grounds generally applicable to the members of the classes, making final declaratory or injunctive relief appropriate.

87.    Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

88.    A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

89.    Plaintiff and the Class Members have all suffered and will continue to suffer harm and damages as a result of Defendant's unlawful conduct.

90.    This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of Class Members and it expressly is not intended to request any recovery for personal injury and claims related thereto.

## COUNT I

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### REGARDING THE NATIONAL DO-NOT CALL REGISTRY
### 47 C.F.R. § 64.1200(C)

91.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

92.    Plaintiff and members of the National DNC Class received more than one marketing text message or phone call within a 12-month period, sent by or on behalf of Defendant, for the express purpose of marketing Defendant's goods and/or services without their written prior express consent.

93.    At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

94.    Defendant sent unsolicited and unauthorized text messages and/or phone calls to the cellular telephones of Plaintiff and the Class members, cellular telephones which were registered with the National Do-Not Call Registry, for the purpose of marketing goods and/or services to Plaintiff and the Class.

95.    Defendant knew that it did not have prior express written consent to send these text messages and/or phone calls, and knew or should have known that it was sending text messages or making calls to cellular numbers on the National Do-Not Call Registry in violation of the TCPA.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

96.    Defendant willfully or knowingly allowed text messages and/or phone calls to be sent to Plaintiff's and Class members' cellular telephone numbers on the National Do-Not Call Registry. For instance, Defendant could have determined from a review of its own business records and the National Do-Not Call Registry that it could not contact Plaintiff and/or Class members yet disregarded such information and placed illegal and unwanted solicitation text messages and calls.

97.    Defendant's text messages caused Plaintiff and members of the National DNC Class actual harms including, but not limited to, invasion of their personal privacy, aggravation, inconvenience, nuisance and disruption in their daily lives, reduction in cellular telephone battery life, data, and loss of use of their cellular telephones.

98.    Because Defendant knew or should have known that Plaintiff's and Class Members' cellular telephone numbers were on the National Do-Not Call Registry, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

99.    As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) or in the alternative an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

100.    Plaintiff and the Class are also entitled to and seek injunctive relief, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting such conduct in the future.

101.    Plaintiff also seeks an award of attorneys' fees and costs on behalf of Plaintiff and the Class.

## COUNT II

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### REGARDING ITS INTERNAL DO-NOT CALL LIST

## 47 C.F.R. § 64.1200(D)

1.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

2.    Plaintiff and members of the Internal DNC Class received more than one marketing text message or phone call within a 12-month period, sent by or on behalf of Defendant, for the express purpose of marketing Defendant's goods and/or services without their written prior express consent.

3.    At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

4.    Defendant sent unsolicited and unauthorized text messages and/or phone calls to the cellular telephones of Plaintiff and the Class members, cellular telephone numbers which had previously been placed on Defendant's Internal Do-Not-Call list, for the purpose of marketing goods and/or services to Plaintiff and the Class.

5.    Defendant knew that it did not have prior express written consent to send these text messages and/or phone calls, and knew or should have known that it was sending text messages or phone calls to cellular numbers placed on their Internal Do-Not-Call List in violation of the TCPA.

6.    Defendant willfully or knowingly allowed text messages and/or phone calls to be sent to Plaintiff's and Class members' cellular telephone numbers on Defendant's Internal Do-Not Call List. For instance, Defendant could have determined from a review of its own business records that it could not contact Plaintiff and/or Class members, yet disregarded such information and placed illegal and unwanted solicitation text messages.

7.    Defendant's text messages and phone calls caused Plaintiff and members of the Internal DNC Class actual harms including, but not limited to, invasion of their personal privacy, aggravation, inconvenience, nuisance and disruption in their daily lives, reduction in cellular telephone battery life, data, and loss of use of their cellular telephones.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

8.    Because Defendant knew or should have known that Plaintiff's and Class Members' cellular telephone numbers were on Defendant's Internal Do-Not Call List, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

9.    As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) or in the alternative an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

10.    Plaintiff and the Class are also entitled to and seek injunctive relief, pursuant to 47 U.S.C. § 227(c)(5)(A), prohibiting such conduct in the future.

11.    Plaintiff also seeks an award of attorneys' fees and costs on behalf of Plaintiff and the Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully requests the following relief:

- An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Plaintiff's counsel as Class Counsel.

- Injunctive relief prohibiting Defendant from engaging in such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A);

- Statutory damages of $500.00 for Plaintiff and each member the Class for each and every one of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*. pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of $1,500.00 for Plaintiff and each member the Class for each and every one of Defendant's knowing or willful violations of 47 U.S.C. §§ 227, *et seq*. pursuant to 47 U.S.C. § 227(b)(3)(B);

- Statutory damages of up to $500.00 for Plaintiff and each member the Class for each and every one of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*. pursuant to 47 U.S.C. § 227(b)(3)(C);

- Statutory damages of up to $1,500.00 for Plaintiff and each member the Class for each and every one of Defendant's willful or knowing violations of 47 U.S.C. §§ 227, *et seq*. pursuant to 47 U.S.C. § 227(b)(3)(C);

- Costs of suit;

- An award of attorneys' fees, pursuant to, *inter alia*, the common fund doctrine;

- Pre-judgment and post-judgment interest on monetary relief; and

- All other and further relief as the Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

12.    Plaintiff, individually and on behalf of the Classes, demands a jury trial on all issues so triable.


Dated: January 12, 2024              Respectfully submitted,

                                     **KAZEROUNI LAW GROUP, APC**


                                     By: <u>Ryan L. McBride</u>
                                     Ryan L. McBride, Esq.
                                     ryan@kazlg.com
                                     *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF